IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICIA G., <br><br> Claimant, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br> Respondent. | No. 21 C 1208 <br><br> Magistrate Judge Jeffrey T. Gilbert |

**MEMORANDUM OPINION AND ORDER**

Patricia G.[1] ("Claimant") seeks review of the final decision of Respondent Kilolo Kijakazi,[2] Acting Commissioner of Social Security ("Commissioner"), denying her application for a period of disability and disability insurance benefits under Title II of the Social Security Act. Pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, the parties consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment. [ECF No. 5]. This Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c). Claimant filed a Brief in Support of Reversing the Decision of the Commissioner of Social Security [ECF No. 17], and the Commissioner filed a Motion for Summary Judgment. [ECF No. 22].

---

[1] Pursuant to Northern District of Illinois Local Rule 8.1 and Internal Operating Procedure 22, the Court will identify the non-government party by using his or her full first name and the first initial of the last name.

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court has substituted Acting Commissioner Kijakazi as the named defendant.

1

For the reasons discussed below, Claimant's Brief in Support of Reversing the Decision of the Commissioner of Social Security [ECF No. 17] is granted, and the Commissioner's Motion for Summary Judgment [ECF No. 22] is denied. This matter is remanded to the Social Security Administration for further proceedings consistent with this Memorandum Opinion and Order.

## PROCEDURAL HISTORY

On February 14, 2018, Claimant protectively filed an application for a period of disability and disability insurance benefits, alleging a disability beginning October 1, 2016. (R.13). The claim was denied initially on May 2, 2018, and on reconsideration on August 6, 2018. (R.13). Claimant requested a hearing before an administrative law judge ("ALJ"), and a hearing was held on November 27, 2019 before ALJ Edward Studzinski. (R.13). Claimant, who was represented counsel, appeared and testified at the hearing, and Ja' Nitta Marbury, Ph.D., an impartial vocational expert, also appeared and testified at the hearing. (R.13). ALJ Studzinski issued an unfavorable decision on September 4, 2020, finding Claimant not disabled under sections 216(i) and 223(d) of the Social Security Act. (R.13-25).

In finding Claimant not disabled, the ALJ followed the five-step evaluation process required by Social Security regulations for individuals over the age of 18. *See* 20 C.F.R. § 416.920(a). At step one, the ALJ found Claimant had not engaged in substantial gainful activity since October 1, 2016, the alleged onset date of her disability. (R.15). At step two, the ALJ found Claimant had the following severe impairments: bilateral hearing loss and headaches. (R.16). At step three, the ALJ

determined Claimant did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (R.17). In particular, the ALJ concluded that the severity of Claimant's impairments, considered singly and in combination, did not meet or medically equal the criteria of listings 2.11, 11.00 generally, and 11.02 in particular. (R.17-19).

The ALJ then found Claimant had the residual functional capacity ("RFC")[3] to perform work "at all exertional levels with no limitation on her ability to lift/or carry, sit, stand or walk throughout an 8-hour workday. The claimant has impaired hearing. She is limited in her ability to verbally communicate effectively in noisy environments. To effectively communicate, the claimant must be in a one-on-one environment where she is able to look at the person speaking to her. She is capable of such one-on-one communication in an environment with noise levels common in a quiet environment. She is not capable of communicating over the telephone. She is not capable of complex verbal communication with the general public." (R.19).

At step four, the ALJ found that Claimant was not capable of performing any of her past work. (R.23). At step five, relying on testimony from the vocational expert, the ALJ found that considering Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including addresser, folder, and bus cleaner. (R.24). For all

---

[3] Before proceeding from step three to step four, the ALJ assesses a claimant's RFC. 20 C.F.R. § 416.920(a)(4). "The RFC is the maximum that a claimant can still do despite [her] mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675–76 (7th Cir. 2008).

these reasons, the ALJ issued his opinion on September 4, 2020, finding Claimant is not disabled under sections 216(i) and 223(d) of the Social Security Act. (R.25).

Claimant timely submitted a request to the Appels Council to review the ALJ's decision, but the Appeals Council denied that request on January 7, 2021, causing the ALJ's decision to constitute the final decision of the Commissioner. (R.1-6). *See Jozefyk v. Berryhill*, 923 F.3d 492, 496 (7th Cir. 2019). Thereafter, Claimant filed this lawsuit seeking judicial review, and this Court has jurisdiction to review this matter. *See* 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

When a claimant files an application for period of disability and disability insurance benefits, she bears the burden under the Social Security Act to bring forth evidence that proves her impairments are so severe that they prevent the performance of any substantial gainful activity. 42 U.S.C. § 423(d)(5)(A); *Bowen v. Yuckert*, 482 U.S. 137, 147-48 (1987) (citing 42 U.S.C. § 423(d)(1)(A)). A five-step inquiry controls whether an individual is eligible for disability benefits under the Social Security Act, which the Seventh Circuit has summarized as follows:

> The ALJ must consider whether: (1) the claimant is presently employed; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) the claimant's residual functional capacity leaves him unable to perform his past relevant work; and (5) the claimant is unable to perform any other work existing in significant numbers in the national economy.

*Butler v. Kijakazi,* 4 F.4th 498, 501 (7th Cir. 2021) (citing *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351-52 (7th Cir. 2005); 20 C.F.R. § 416.920)). The claimant

bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Gedatus v. Saul,* 994 F.3d 893, 898 (7th Cir. 2021); *Wilder v. Kijakazi,* 22 F.4th 644 (7th Cir. 2022).

A decision by an ALJ becomes the Commissioner's final decision if the Appeals Council denies a request for review. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000). Judicial review is limited to determining whether an ALJ's decision is supported by substantial evidence in the record and whether the ALJ applied the correct legal standard in reaching her decision. *Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009). The reviewing court may enter a judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal quotations omitted); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A "mere scintilla" of evidence is not enough. *Biestek*, 139 S.Ct. at 1154; *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002). Even when there is adequate evidence in the record to support the ALJ's decision, the findings will not be upheld if the ALJ does not "build an accurate and logical bridge from the evidence to the conclusion." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008) (internal quotations omitted). In other words, if the ALJ's decision lacks evidentiary support or adequate discussion of the issues, it cannot stand. *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009).

Though the standard of review is deferential, a reviewing court must "conduct a critical review of the evidence" before affirming the Commissioner's decision. *Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008) (internal quotations omitted). The reviewing court may not, however, "displace the ALJ's judgment by reconsidering facts or evidence, or by making independent credibility determinations." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

## ANALYSIS

Claimant argues the ALJ's decision cannot stand because: (1) the ALJ's step five finding is not supported by substantial evidence; (2) the RFC determination lacks substantial support; (3) the ALJ did not properly evaluate Claimant's subjective symptoms and complaints; and (4) the denial of disability insurance benefits for Claimant is constitutionally defective. The Court addresses the arguments below.

### A. The RFC Is Not Supported by Substantial Evidence

Claimant argues the ALJ's functional capacity finding lacks substantial support. Claimant's Brief [ECF No. 17], at 7-10. The Court agrees with Claimant. The RFC is the "assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996); *Madrell v. Kijakazi,* 25 F.4th 514, 516 (7th Cir. 2022); *Jeske v. Saul,* 955 F.3d 583, 593 (7th Cir. 2020). "In making a proper RFC determination, the ALJ must consider all of the relevant evidence in the record, even limitations that are not severe, and may not

6

dismiss a line of evidence contrary to the ruling." *Murphy v. Colvin,* 759 F.3d 811, 817 (7th Cir. 2014), as amended (Aug. 20, 2014) (quotation omitted); *see also Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019); *Varga v. Colvin,* 794 F.3d 809, 813 (7th Cir. 2015); SSR 96-8p; 20 C.F.R. § 416.945(a).

At step two of the evaluation process, the ALJ found that Claimant suffered from headaches and concluded they were a severe impairment, which means they imposed significant limitations. Without explanation, however, the ALJ did not include any work limitations to accommodate Claimant's headaches. As discussed above, the ALJ determined that Claimant has the RFC to perform work "at all exertional levels with no limitation on her ability to lift/or carry, sit, stand or walk throughout an 8-hour workday." (R.19). All of the additional limitations in the RFC related to Claimant's hearing impairment and did not even mention Claimant's headaches. (R.19). This glaring omission requires remand. The ALJ found that Claimant's headaches constituted a serve impairment and he should have addressed them when fashioning Claimant's RFC and included some limitation in the RFC to account for her headaches. *See Martinez v. Colvin*, 2015 WL 4065032, at *7 (N.D. Ill. July 2, 2015) ("Having found that plaintiff's headaches are a severe impairment, the ALJ was required to account for them in his RFC."). Alternatively, if the ALJ determined Claimant did not require any accommodations for her headaches, then the ALJ should have provided some explanation for that conclusion. This lack of explanation requires remand.

The Court also finds some ambiguity in the level of noise permitted for Claimant's RFC. Based on the record evidence, it is clear Claimant needs to be in a quiet environment to be able to effectively hear and communicate one-on-one with anyone. (R.42-43). What is unclear to the Court, however, is whether Claimant's RFC requires her to be in a quiet environment all the time to be able to work effectively. The Court can imagine a work environment in which Claimant may not need to communicate with others one-on-one regularly, but nevertheless she still would need to be able to listen to others which also would require a quiet environment to accommodate her hearing impairment. It is clear from the record that Claimant had difficulty understanding matters that were discussed in meetings at her prior job and that notes would be shared with her to convey information. (R.36-38).

The RFC also includes an accommodation for Claimant's inability to engage in "complex verbal communication with the general public" but does not address or consider Claimant's ability to engage with co-workers and/or supervisors. The Court, however, has questions about Claimant's ability to interact with co-workers and supervisors and to communicate with them. The RFC is silent on that issue, and the Court cannot assume or speculate what the ALJ was thinking to support the RFC limitations that were included and those that were not included.

The Social Security Regulations requires that the RFC assessment "must include a narrative discussion describing how the evidence supports the conclusion." SSR 96-8p. The ALJ's decision, however, contains very few markers for the Court to follow and discern the path the ALJ followed in reaching his conclusion. An ALJ's

8

analysis of a claimant's RFC "must say enough to enable review of whether the ALJ considered the totality of a claimant's limitations." *Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021). Although the ALJ is not required to provide a complete and written evaluation of every piece of testimony and evidence, he must build a logical bridge from the evidence to his conclusion. *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015). For the reasons discussed above, the ALJ erred by not providing a narrative discussion to explain how the record evidence supported his determination and why he did not include any work restrictions or accommodations for Claimant's severe headaches. In addition, more explanation is needed to clarify the limitations the ALJ included for Claimant's hearing impairments. There is no logical bridge in this case, and remand is required.

## B. The ALJ's Subjective Symptom Analysis Is Flawed

Claimant argues that the ALJ failed to properly assess her subjective symptoms. Claimant's Brief [ECF No. 17], at 10-12. The Court agrees with Claimant. It is well-settled that an ALJ cannot cherry pick which evidence to evaluate and disregard other critical and relevant evidence. *Scrogham v. Colvin,* 765 F.3d 685, 696-99 (7th Cir. 2014). Although an ALJ is not required to provide a complete and written evaluation of every piece of testimony and evidence, as discussed above, he must build a logical bridge from the evidence to his conclusion. *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015). It is well-settled law that mere boilerplate statements and conclusions cannot support an ALJ's decision, and an ALJ must set forth "specific reasons" for discounting subjective reports of symptoms. *Myles v. Astrue*, 582 F.3d

672, 676 (7th Cir. 2009) (citing *Moss v. Astrue,* 555 F.3d 556, 561 (7th Cir. 2009)); *Steele v. Barnhart,* 290 F.3d 936, 941-42 (7th Cir. 2002).

At the hearing, Claimant testified she experienced three types of headaches—"everyday headaches," "bad headaches," and "full blown migraines." (R.38-39). With "everyday headaches," Claimant says she has a hard time focusing. (R.38). With "bad headaches," she is nauseous (R.39), and with "full blown migraines," Claimant is vomiting and needs to lay down in a dark room and take out her cochlear implants so it is completely quiet. (R.39). Claimant testified that she experiences full blown migraines four to five times per month and that they could last up to 12 hours. (R.39-40). The ALJ did not address this testimony. Nor did the ALJ explain why he did not credit Claimant's testimony or the evidence from Claimant's former supervisor about the special accommodations her former employer provided to Claimant. The ALJ noted a partial list of accommodations that were provided by Claimant's previous employer and stated that he "considered" the list when determining Claimant's RFC. (R.23). The ALJ, however, does not explain how he weighed that evidence.

In the Court's view, the ALJ did not sufficiently discuss how the record evidence undermined Claimant's credibility nor did he adequately explain why he accepted some of her complaints but not others and which complaints he determined were not supported by the medical evidence and why. It is relevant to the Court to know what, if any, weight the ALJ gave to Claimant's testimony and how the medical evidence is consistent with his determination that Claimant is capable of full-time work on a sustained basis despite her headaches and the accommodations she says

10

she needs. It is troubling the record is silent on these matters, to put it mildly. The ALJ recited Claimant's medical history and then concluded that Claimant's "allegations regarding the limiting effects and the severity of the symptoms of her impairments are only partially credible." (R.23). The ALJ's RFC analysis, however, does not mention Claimant's need to have notes read to her for an explanation of what occurred in meetings or her ability to work from home to allow for unscheduled breaks due to her need to lay down at times. The ALJ also does not explain how Claimant's headaches and the need for breaks were inconsistent with the record or why they were not included in the RFC. The failure to discuss this evidence is problematic because the vocational expert testified that the need for unscheduled breaks would be work preclusive. (R.61-62).

Without a more fulsome discussion, it is impossible for this Court to conclude that the ALJ built an accurate and logical bridge from the evidence to his conclusions. *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002). Again, the Court cannot assume or speculate what the ALJ was thinking. The ALJ must provide a sufficient explanation as to what evidence he considered, how he weighed that evidence, and why he made the findings he made. In the Court's view, the ALJ did not provide sufficient explanation of why certain of Claimant's subjective symptoms and complaints were included and others were not, particularly in light of Claimant's hearing testimony, most of which the ALJ did not discuss. While Claimant's course of treatment, including chiropractic and osteopathic manipulation, may have reduced her headaches and increased her functionality at the time, it did not completely

eliminate her headaches and Claimant still experienced headaches. The Court applies a common-sense reading to the entirety of an ALJ's decision, and common sense undercuts the ALJ's decision here without a more fulsome explanation of what the ALJ was thinking. *Rice v. Barnhart*, 384 F.3d 363, 369 (7th Cir. 2004); *Shramek v. Apfel*, 226 F.3d 809, 811 (7th Cir. 2000). Therefore, remand is required.

The Court is mindful of the deference that is owed to an ALJ's decision under the substantial evidence standard and that a reviewing court should not substitute its judgment for that of the ALJ's by reweighing the evidence. Although this standard is generous, it is not entirely uncritical. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). In this case, the ALJ did not sufficiently explain his analysis of Claimant's subjective symptoms and complaint, and remand is required for the reasons discussed above. This is not an instance in which the Court is reweighing the evidence. Rather, the ALJ did not explain his decisional process sufficiently for the Court to be able to conclude that his ultimate decision is supported by substantial evidence under the controlling standard of review.

### C. The ALJ's Step Five Finding

Claimant argues the ALJ's step five finding is not supported by substantial evidence because the ALJ did not properly consider the Medical-Vocational Guidelines in his step five analysis, and therefore, the Commissioner did not satisfy her burden to demonstrate that a significant number of jobs exit in the national economy that Claimant can perform. Claimant's Brief [ECF No. 17], at 5-7. Claimant asserts that given her age, the ALJ improperly relied on sedentary and light jobs to

12

show that Claimant could perform a significant number of jobs. The Commissioner disagrees, arguing that Claimant misunderstands what is required of the ALJ.

Because this case is being remanded for other reasons discussed herein, the Court declines to address this argument and, therefore, does not express any opinion on the decision to be made on remand. However, the Court encourages the Commissioner to evaluate the ALJ's step five finding, develop the record further, if needed, and consider the Medical-Vocational Guidelines on remand as necessary. Specifically, the Court encourages the Commissioner to consider *Madigan v. Kijakazi*, 2022 WL 909861 (S.D.N.Y. Mar, 29, 2022), a case cited by Claimant in her reply brief. Claimant's Reply [ECF No. 24], at 5. Claimant argues the facts in her case are similar to the facts in *Madigan*, in which a remand was required to further develop the record to determine whether there were any unskilled jobs at the medium or heavy exertional level that an individual, like Claimant in the case, who is of advanced age and for whom there had been a no finding of transferable skills, could perform. 2022 WL 909861, at *6-8. In that case, the district court noted, and the Commissioner conceded, that a finding of not disabled could not rest on sedentary and light unskilled jobs for an individual who is of advanced age when the record was clear "that there are no skills that Plaintiff could transfer to other skilled or semiskilled work in light of his nonexertional limitations." *Madigan*, 2022 WL 909861, at *6-8.

### D. Claimant's Constitutional Argument

Claimant also seeks remand based on a constitutional separation of powers challenge. Claimant's Brief [ECF No. 17], at 12-13. Claimant argues the statutory removal protection for a Commissioner of Social Security, which is found in 42 U.S.C. § 902(a)(3), is a constitutionally defective delegation of power because the Commissioner is allowed to serve for a longer term than the President and cannot be removed except for cause. In Claimant's view, since the Commissioner's statutory authority is defective, the ALJ and the Appeals Council operating under the Commissioner exercised power they did not lawfully possess, compelling remand under Supreme Court precedent in *Seila Law LLC v. Consumer Fin. Protection Bureau*, 140 S. Ct. 2183 (2020). The Court disagrees with Claimant's argument.

The Commissioner admits that 42 U.S.C. § 902(a)(3) violates the separation of powers "to the extent it is construed as limiting the President's authority to remove the Commissioner without cause." Commissioner's Brief [ECF No. 24], at 2-3 (citing Office of Legal Counsel, U.S. Dep't of Justice, Constitutionality of the Commissioner of Social Security's Tenure Protection, 2021 WL 2981542 (July 8, 2021)). But a claimant seeking relief on that basis must show that the restriction actually caused her harm in "some direct and identifiable way." *Cheryl T. v. Kijakazi,* 2022 WL 3716080, at *4 (N.D. Ill. 2022). In this case, Claimant does not identify any harm she suffered other than the denial of her request for disability benefits and "the mere fact of a disappointing outcome on [an] application for Social Security benefits will not suffice." *Michelle S. v. Kijakazi*, 2022 WL 4551967, at *6 (N.D. Ill. Sept. 29, 2022)

14

(citation and internal quotations omitted). A claimant's "failure to show that any injury resulted from this allegedly invalid delegation of authority makes this argument a nonstarter." *Id.*

In sum, the Court agrees with the overwhelming weight of authority in this circuit and nationwide and finds that Claimant's constitutional argument do not have merit, and therefore, remand is not warranted on this issue. *See Michelle S.*, 2022 WL 4551967, at *7; *Cheryl T.,* 2022 WL 3716080, at *4; *Lizette C. v. Kijakazi,* 2022 WL 3369274, at *2 (N.D. Ill. 2022); *Jason M. v. Kijakazi,* 2022 WL 2071096, at *12 (S.D. Ind. 2022); *Linnear v. Kijakazi,* 2022 WL 1493563, at *7 (S.D. Ga. 2022) (noting that the court "has not found, a single instance of a District Judge reversing a Social Security decision on the basis of § 902(a)(3)'s unconstitutionality"); *Green v. Kijakazi,* 2022 WL 1644936, at *25 (E.D. Wis. 2022); *Ghakarhi B. v. Commissioner*, 2022 WL 4397529, at *7 (N.D. Ga. Sept. 22, 2022) (collecting cases).

## CONCLUSION

Accordingly, for all of the reasons set forth above, Claimant's Brief in Support of Reversing the Decision of the Commissioner of Social Security [ECF No. 17] is granted, and the Commissioner's Motion for Summary Judgment. [ECF No. 22] is denied. This matter is remanded to the Social Security Administration for further proceedings consistent with this Memorandum Opinion and Order.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: December 27, 2023